Matter of USAA Cas. Ins. Co. v Kastor
2026 NY Slip Op 03933
June 23, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of USAA Casualty Insurance Company, Respondent,
v
Jacaeber Kastor, Appellant.

Decided and Entered: June 23, 2026
Index No. 650227/24|Appeal No. 6955|Case No. 2025-04050|
Before: Renwick, P.J., Scarpulla, González, Rodriguez, O'Neill Levy, JJ.

Wiese & Aydiner, PLLC, Mineola (Si Aydiner of counsel), for appellant.
Law Office of Jonathan Ivezaj, New York (Lynne M. Nolan of counsel), for respondent.

[*1]
Order, Supreme Court, New York County (Nicholas W. Moyne, J.), entered June 20, 2025, which granted petitioner's application to permanently stay respondent's demand for uninsured motorist arbitration, unanimously affirmed, without costs.
The notice requirements in the automobile/liability insurance policy through petitioner insurer are not ambiguous, as the Supplemental Uninsured/Underinsured Motorist Endorsement (SUM) contained therein both expressly replaces the "uninsured motorist" (UM) coverage found in Part C of the policy, and further tracks the language prescribed under Insurance Law § 3420(f) and 11 NYCRR 60-2.3(f) (see Matter of Country-Wide Ins. Co. v Wagoner, 45 NY2d 581, 586 [1978]; Matter of State Farm Mut. Auto. Ins. Co. v Fitzgerald, 25 NY3d 799, 804 [2015]). Respondent's assertion that he did not need to provide a recorded statement of the facts underlying his claim unless petitioner waived its right to an examination under oath is unavailing.
The court providently exercised its discretion in staying arbitration. Petitioner was permitted to disclaim coverage because respondent did not satisfy the policy's notice requirement that he file a sworn statement setting forth the facts in support of his claim (see Argo Corp. v Greater N.Y. Mut. Ins. Co., 4 NY3d 332, 339 [2005]; Matter of Kauffman [Motor Veh. Acc. Indem. Corp.], 25 AD2d 419, 419 [1st Dept 1966]). Although respondent's counsel promptly asserted a UM/SUM claim by letter and transmitted respondent's sworn NF-2 no-fault application to petitioner, these documents failed to identify the accident as a hit-and-run accident (see Insurance Law § 3420[f][3]; Matter of Universal Underwriters Group [Zeitlin], 157 AD2d 544, 545 [1st Dept 1990]), establish the requisite physical contact (see Matter of Hanover Ins. Co. v Lewis, 57 AD3d 221, 222 [1st Dept 2008]), or state that the offending vehicle's identity was either unascertainable or provide evidence of due diligence to obtain the identity (see Matter of Metropolitan Prop. & Cas. Ins. Co. v Mancuso, 93 NY2d 487, 494-495 [1999]).
Accordingly, despite being sworn-to, the no-fault application alone did not impute notice to petitioner (see Daley v Travelers Cas. & Sur. Co., 301 AD2d 364 [1st Dept 2003]; Matter of Country-Wide Ins. Co. [Eun Kyu Park]), 277 AD2d 175, 175 [1st Dept 2000]). The MV-104 accident report provided to petitioner over three months after the accident did not identify the accident as a hit and run. Indeed, the accident was not expressly identified as a "hit-and-run" until the arbitration demand nearly 11 months later (see Matter of Allcity Ins. Co. [Jimenez], 78 NY2d 1054, 1056 [1991]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 23, 2026